| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>―――――――――――――――――――――X<br>IN RE:<br><br>NICOLINA RANDAZZO,<br><br>        DEBTOR.<br><br>―――――――――――――――――――――X | Hearing Date: 9/13/2023<br>Hearing Time: 9:00am<br><br>Case No. 23-22274-CGM<br><br>CHAPTER 13<br><br>Hon. Cecelia G. Morris |

### DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION TO DISMISS

1. On April 17, 2023, Debtor filed a Chapter 13 petition.

2. Thereafter, Thomas C. Frost was duly appointed and qualified as trustee.

3. Thereafter, the Chapter 13 Trustee filed a motion to dismiss based upon the below:

**Response in Opposition to Issues I and II Raised in the Trustee's Motion to Dismiss**

(I) Debtor's proposed Chapter 13 plan is not feasible as it is not adequately funded to provide for full repayment to the secured claims as required by §11 U.S.C. 1325(a)(5).

(II) Debtor's failure to amend the plan to specifically reference all secured creditors and pre-petition arrears consistent with the amounts listed in the filed claims as required by 11 U.S.C. §1325(a)(5)

**Response in Opposition to issues I and II raised by the Trustee:**

Debtor will be making a Motion pursuant to 11 U.S.C. 363 seeking authorization and approval to sell the Mt. Kisco Property and satisfy the secured mortgage claims. Additionally, the Debtor's initial Chapter 13 Plan was based on estimated claims and is being amended now that the claims have all been filed.

1

(III) Debtor's failure to amend the plan to correct the plan months listed; the plan payments should commence in March of 2023 and end in April of 2028.

**Response in Opposition to issue III raised by the Trustee:**

Debtor is confused as to the above issue raised by the Trustee. Debtor's Chapter 13 Petition was filed on April 17, 2023. It is unclear why the Trustee submits that the first plan payment should be March 2023 as that date is prior to the petition date. It appears that this issue was likely inadvertently included by the trustee.

(IV) Debtor's proposed plan fails to comply with the best interests of the creditors test as set forth in 11 U.S.C. §1325(a)(4) in that the unsecured creditors will receive less than the amount that would be paid if the estate of the Debtor were liquidated under Chapter 7, and as such, it cannot be confirmed.

**Response in Opposition to issue IV raised by the Trustee:**

Debtor's proposed Chapter 13 Plan provides creditors with more than they would receive in a Chapter 7 case. Debtor will be seeking to sell the Mt. Kisco Property to satisfy the Secured Mortgage Claim against the Mt. Kisco Property. The Debtor's plan also proposes to pay the tax claims and other claims through the plan. Debtor, through her bankruptcy counsel, has been in on-going discussions with the IRS regarding its claim, and in fact the IRS just amended its claim on 9/12/23, to reduce the claim amount.

(V) Debtor's failure to comply with 11 U.S.C. §521(a)(1) and Bankruptcy Rule 1007(b) in that the following required documents have not been filed: copies of all payment advices or other evidence of payment for the last 60 days before the date of the filing of the petition by the Debtor from ant employer of the Debtor pursuant to 11 U.S.C. §521(a)(1)(B)(iv);

**Response in Opposition to issue V raised by the Trustee:**

Debtor is not employed and therefore does not have paystubs but instead receives social security and pension income. To the extent pension and social security award letters have not been provided, Debtor will promptly provide the documents to the Trustee.

(VI) Debtor's failure to provide the Trustee with affidavits of contribution for each person contributing to the proposed plan or to payment of expenses of the Debtor's household;

**Response in Opposition to issue VI raised by the Trustee:**

Debtor will be obtaining an affidavit of contribution from her husband and will be providing the affidavit of contribution to the Trustee.

(VII) Debtor's failure to provide the Trustee with documentation of the current value of all real property in which the Debtor has an ownership interest.

**Response in Opposition to issue VII raised by the Trustee:**

The Debtor will be providing the requested valuation shortly.

(VIII) Debtor's failure to provide Trustee with copies of filed 2019 federal and state tax returns and refunds, if any.

**Response in Opposition to issue VIII raised by the Trustee:**

The 2019 tax returns were uploaded to the Trustee's portal, subsequent to the filing of the Trustee's Motion.

## Conclusion

For the reasons set forth above, Debtor requests that the Chapter 13 Trustee's Motion to Dismiss be denied or continued to a later date in order to allow the Debtor time to cure the deficiencies set forth in the Chapter 13 Trustee's Motion to Dismiss. The Debtor will be filing an Amended Chapter 13 Plan to pay creditors 100%, and therefore any continuation of the Trustee's Motion will not be prejudicial to Creditors.

Dated: September 12, 2023
Bedford Hills, NY

/S/ Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Attorneys for the Debtor
2 Depot Plaza, Ste. 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@FreshStartEsq.com